■ TIPCO REALTY CORP., Respondent, v. HOUSING AND DEVELOPMENT ADMINISTRATION OF THE CITY OF NEW YORK et al., Appellants.— Order, Supreme Court, New York County, entered March 23, 1970, insofar as it denied defendants' motion for summary judgment, unanimously reversed, on the law, without costs and without disbursements, the motion granted, and judgment is directed to be entered declaring that plaintiff's premises are subject to rent control under Administrative Code, title Y, chapter 51 and that section YY51–3.0 of the Rent Stabilization Law of 1969 is applicable to plaintiff's premises. The appeal from that portion of said order directing examination before trial dismissed as moot. The facts are clearly established and there is no need for a trial. Substantial alterations and structural changes were made in 1956 as a result of which there was created additional housing in the subject building by subdividing apartments. A decontrol application was made, pursuant to section 11 of the State Rent and Eviction Regulations and same was granted in 1958. Further, it is admitted that plaintiff did not join the Rent Stabilization Association, as provided by the Rent Stabilization Law for landlords who are desirous of avoiding the results of standard rent control for premises covered by said law. On the record before us it is clear that section YY51–3.0 of the Rent Stabilization Law is applicable to plaintiff's premises. This is without prejudice to any application the owner may see fit to make to join the Rent Stabilization Association of New York City, Inc. Concur — Stevens, P. J., Capozzoli, Nunez, Kupferman and McNally, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v. JOSEPH BENANTI.— Motion to amend remittitur granted to the extent contained in the order of this court. Concur — McGivern, J. P., Markewich, Kupferman, McNally and Steuer, JJ.